UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:21-cr-401-TPB-AEP

PAUL DWAYNE ALLEN,

    Defendant.
_____/

### ORDER DENYING "PETITION TO TRANSFER PETITIONER TO A FEDERAL FACILITY TO RUN STATE SENTENCE CONCURRENT WITH PENDING FEDERAL SENTENCE"

This matter is before the Court on Defendant Paul Allen's "Petition to Transfer Petitioner to a Federal Facility to Run State Sentence Concurrent with Pending Federal Sentence," filed on September 6, 2022. (Doc. 8). On December 19, 2022, the Government filed its response. (Doc. 13). After reviewing the motion, response, case file, and the record, the Court finds as follows:

On December 19, 2018, Defendant was sentenced in the District of New Hampshire following his conviction to a term of imprisonment of 24 months, followed by 5 years supervised release, for failing to register as required under the Sex Offender Registration and Notification Act. On December 17, 2021, jurisdiction over Defendant's supervised release was transferred to the Middle District of Florida.

On July 27, 2022, Defendant pleaded *nolo contendere* to one count of grand theft and admitted to violating the terms of his state court probation in a state case. Thereafter, Defendant was sentenced to 48.6 months imprisonment in the Florida

Department of Corrections, where he is presently serving those state sentences.

At the time of his state violations, Defendant was serving his federal supervised release in this case. As a result, an arrest warrant was issued for Defendant on January 3, 2022. A detainer was lodged against him by the U.S. Marshal, which was forwarded to the Sarasota County Jail. The arrest warrant remains unexecuted. Defendant has now filed the instant motion requesting an order to be removed from Florida state custody and transferred to federal custody (and a federal facility) so that Defendant's state sentences can run concurrently with any resulting federal sentence.

"A defendant has no legal right to an immediate hearing on a supervised release violation when the defendant is serving a state sentence and, consequently, the federal arrest warrant remains unexecuted." *United States v. Dillard*, No. 8:92-cr-316-T-17AAS, 2019 WL 6117714, at *1 (M.D. Fla. Oct. 2, 2019), *report and recommendation adopted,* 2019 WL 6115216 (M.D. Fla. Nov. 18, 2019). A detainer lodged for an unexecuted warrant based upon a violation of supervision is not a matter that falls under the Interstate Agreement on Detainers ("IAD"), which is only applicable to detainers based on untried indictments, informations, or complaints. *See* IAD; *Carchman v. Nash*, 473 U.S. 716, 724-36 (1985). In addition, "[t]here is no constitutional duty to provide prisoners an adversary hearing until they are taken into custody as a violator by execution of the warrant." *Dillard*, 2019 WL 6117714, at *1 (citing *Moody v. Daggett*, 429 U.S. 78, 89 (1976)).

Defendant is in state custody and has no right – constitutional or statutory –

to the requested transfer to federal custody to resolve his outstanding supervised release violation.  Consequently, Defendant's motion is hereby **DENIED**.

    **DONE AND ORDERED** in Chambers, in Tampa, Florida, this <u>11th</u> day of January, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**